Mr. Justice MILLER
delivered the opinion of the court.
On the part of the appellant the point principally relied on is, that this court has no jurisdiction of the case, and the ground on which this point is based is the fact that the District Court has already confirmed the claim of another party, which covers the land now claimed by the appellees in this case. It is, therefore, say the counsel, a mere contest between individuals as to who is the real owner of the land, in which the government has no interest, and its decision is not necessary to separate the lands of the United States from those held by private parties.
We concur entirely with counsel, both in the reasoning and in the conclusion above stated; and as to the United States, who by her counsel asserts it, we assume that the fact on which the reasoning rests is correctly stated, to wit, that the land has been confirmed to another person.
The act of March 3, 1851, under which these proceedings were had, contemplated primarily nothing more than the separation of the lands which were owned by individuals from the public domain. This is clearly expressed in the 13th section of that act. The 15th section declares that the final decrees rendered in these proceedings, and the patents issued under them, shall be conclusive between the United States and said claimants only, and shall not affect the interest of third parties.
We therefore agree with counsel for the appellant that when the government no longer claims that the land is public land, the right of the United States to contest the case further ceases, and this court will not entertain jurisdiction to determine to which of two private claimants it may belong. It results from these considerations that the appeal in this case should be dismissed.
It is urged against this action of the court, that the same fact which shows that this court has no jurisdiction of the appeal, shows that the District Court was also without jurisdiction, and that its decree should be reversed, with instructions to dismiss the case.
The reply to this is, that it nowhere appears in the record *710 ■ of this case that the land claimed hy appellees has been confirmed to any other person. The appellees are not represented here by counsel, to affirm or deny that fact stated by the counsel of the government. When the appellant appears by counsel, and makes the point that this court has no jurisdiction of the case, and supports that argument by the statement of a fact which sustains the point, we are certainly at liberty to assume that fact to be true as against the appellant, and dismiss his appeal. But when he asks us to go a step further, and adjudicate on the rights of the appellee, by reversing a decree in his favor, we must have some other evidence of that fact than the statement of the appellant’s counsel.
But conceding it to be true for all purposes that the land in question has been confirmed by a decree of the District Court to another party, there is nothing to show whether that decree is prior or subsequent in date to the one now before us; or which claim was first presented to the Board of Commissioners for its action. We might, therefore, be. doing the present claimant great injustice in reversing his decree and leaving another claim for the same land to stand affirmed in favor of some other person, while we can by no possibility injure the United States by dismissing an appeal in a case where it is evident that the government has no interest, and which can only be protracting the litigation for the benefit of one individual in his contest with another.
Appeal dismissed.